**ROSO-LINO BEVERAGE DISTRIBUTORS, INC., Plaintiff-Appellant,**

v.

**The COCA-COLA BOTTLING COMPANY OF NEW YORK, INC., Defendant-Appellee.**

**No. 456, Docket 84–7811.**

United States Court of Appeals, Second Circuit.

Argued Nov. 5, 1984.

Decided Nov. 19, 1984.

Andrew R. Cooper, New York City (Stanley Israel, Diane L. Weinstein, Kliegman, Goldstein, Israel & Cooper, New York City, of counsel), for defendant-appellee.

Murray L. Skala, New York City (Amos Alter, Feder, Kaszovitz, Isaacson, Weber & Skala, New York City, of counsel), for plaintiff-appellant.

Before KAUFMAN, TIMBERS, and PRATT, Circuit Judges.

PER CURIAM:

Plaintiff Roso-Lino Beverage Distributors, Inc. ("Roso-Lino") appeals from a judgment of the United States District Court for the Eastern District of New York, Mark A. Costantino, *Judge,* denying plaintiff's motion for a preliminary injunction prohibiting defendant The Coca-Cola Bottling Company of New York, Inc. ("Coca-Cola") from terminating plaintiff's Coca-Cola distributorship, granting defendant's cross-motion for an order directing the parties to arbitrate the termination dispute, and staying further court proceedings on plaintiff's other claims. We reverse the denial of plaintiff's motion and grant a preliminary injunction; we affirm the district court's order directing the parties to arbitrate, and we affirm the court's stay of further proceedings.

Roso-Lino had held a small Coca-Cola distributorship on the west side of Manhattan for approximately eleven years when, in early August, 1984, it was given notice by Coca-Cola that Roso-Lino's distributorship was to be terminated one week later. Roso-Lino brought suit claiming that the termination was wrongful and that Coca-Cola had engaged in price discrimination among its distributors in violation of the Robinson-Patman Act, 15 U.S.C. § 13 et seq.; Coca-Cola denied any wrongdoing and claimed that under the distributorship agreement the termination dispute should be arbitrated. The district judge found that the agreement did require arbitration of the termination dispute, and he stayed proceedings on the Robinson-Patman claims until arbitration was completed. Plaintiff's motion for a preliminary injunction was denied at the same time the judge ordered arbitration.

We reverse the denial of the preliminary injunction because it appears, from the record before us, that the district court believed its decision to refer the dispute to arbitration stripped the court of power to grant injunctive relief. The fact that a dispute is to be arbitrated, however, does not absolve the court of its obligation to consider the merits of a requested preliminary injunction; the proper course is to determine whether the dispute is "a proper case" for an injunction. *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1067 (2d Cir.1972); *see Boys Markets, Inc. v. Retail Clerk's Union,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). There is no indication in the case before us that the district court made such a determination.

Since the district court's decision was made on the basis of a paper record, without an evidentiary hearing, we are in as good a position as the district judge to determine the propriety of granting a preliminary injunction. *See Jack Kahn Music Company v. Baldwin Piano & Organ Company,* 604 F.2d 755 (2d Cir.1979). In our circuit a preliminary injunction will be issued when there is a showing of "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979). In the present case this test has been met.

The loss of Roso-Lino's distributorship, an ongoing business representing

many years of effort and the livelihood of its husband and wife owners, constitutes irreparable harm. What plaintiff stands to lose cannot be fully compensated by subsequent monetary damages. *See Semmes Motors, Inc. v. Ford Motor Company*, 429 F.2d 1197, 1205 (2d Cir.1970) (right to continue twenty-year old dealership "is not measurable entirely in monetary terms"); *Janmort Leasing, Inc. v. Econo-Car International, Inc.*, 475 F.Supp. 1282, 1294 (E.D.N.Y.1979) (loss of business not compensable in monetary terms and not reducible to monetary value). It is equally clear that the equities tip decidedly in favor of Roso-Lino. It is unlikely that Coca-Cola will suffer greatly if the eleven-year relationship is continued for a short while. The two owners of Roso-Lino, on the other hand, stand to lose their business forever. Because the equities tip (rather heavily) in favor of granting a preliminary injunction, Roso-Lino need demonstrate only "serious questions going to the merits", rather than "likelihood of success on the merits". *Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979). That there are serious questions is clear from the parties' conflicting stories of the reasons Coca-Cola had for ending Roso-Lino's distributorship; therefore, the test for a preliminary injunction is met.

■ Coca-Cola argues, both in its brief and in a postargument motion to dismiss the appeal, that the injunction should be denied on grounds of mootness and waiver, since after the district court's decision Roso-Lino asked the arbitrator to issue a preliminary injunction and was refused. We disagree. The arbitrator's decision certainly doesn't deprive the court of any power to order a preliminary injunction if the situation calls for it. If we knew without doubt that the arbitrator had based his decision on the merits, then it might be arguable that plaintiff should be estopped from appealing the preliminary injunction issue. But that is something we do not know because the arbitrator did not explain his decision, and for all we know it may have been based on lack of jurisdiction or on a recognition that it was inappropriate

for the arbitrator to act while the preliminary injunction question was before the court of appeals. Plaintiff had informed the arbitrator of exactly what was being appealed from the district court, and a fair reading of the request sent to the arbitrator makes it evident that plaintiff was asking only for relief that was consistent with that appeal. Given all the facts of the case before us, we cannot conclude that the appeal should be dismissed.

■ What remains, then, is the question of the district court's decision to require arbitration on the merits of the distributorship termination. The distributorship agreement requires arbitration of all disputes except those relating to "revision of prices and deposit requirements or to Distributor's markup * * *." Since this is a broad arbitration clause, providing for only a narrow exception, a court should compel arbitration unless there is positive, unambiguous assurance that the dispute is within that narrow exception. *See S.A. Mineracao Da Trindade-Samitri v. Utah International, Inc.*, 745 F.2d 190, 194 (2d Cir.1984); *Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 64 (2d Cir.1983). Here the exception unmistakably refers to disagreements arising under a particular clause in the distributorship agreement entitled "Revision of Prices and Deposit Requirements". We certainly have no positive, unambiguous assurance that the termination dispute arises under the "revision of prices" clause; if anything, it appears that the dispute does not fall under "revision of prices", and therefore the merits of the termination are for the arbitrator to decide. Plaintiff's Robinson-Patman claims, of course, stand apart from the propriety of Coca-Cola's termination of the distributorship, and the district court acted within its discretion in staying those matters until completion of the arbitration process.

We therefore affirm the district court's order directing the parties to arbitrate the termination dispute pursuant to the distributorship agreement, and we affirm the district court's stay of further proceedings on

plaintiff's Robinson-Patman claims. We reverse the district court's denial of plaintiff's motion, and hereby grant a preliminary injunction prohibiting Coca-Cola from terminating Roso-Lino's distributorship pending completion of the arbitration.