In all other respects the petition for rehearing with suggestion for rehearing en banc is denied.

---

**Gary D. SMIDDY, Plaintiff-Appellee,**

v.

**Dudley D. VARNEY, Sidney Nuckles, Raymond Inglin, Defendants-Appellants.**

**Nos. 83–6507, 85–5687, 85–6007.**

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1987.

Richard M. Helgeson, Asst. City Atty., Los Angeles, Cal., for defendants-appellants.

Talcott, Vandevelle & Woehrle, Michael Lightfoot and Carla Woehrle, Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN and NELSON, Circuit Judges, and SCHWARZER, District Judge.*

ORDER

The petition for rehearing is granted in part.

The following language, reported at 803 F.2d 1473, first column, first full paragraph, eighth sentence, is deleted:

The city is entitled to recover its costs and attorneys' fees in this court on its successful appeals.

* The Honorable William W. Schwarzer, United States District Judge, Northern District of California, sitting by designation.

---

**PERPETUAL AMERICAN BANK, F.S.B., a Federal Savings Bank, Plaintiff-Appellee,**

v.

**TERRESTRIAL SYSTEMS, INC., a California corporation, Defendant,**

and

**Joann Ashley, et al., Defendants-Appellants.**

**No. 86–2383.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 29, 1986 *.

Decided Feb. 26, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

D. Tyler Tharpe, Fresno, Cal., for defendants-appellants.

Stanford H. Atwood, Jr., San Jose, Cal., for plaintiff-appellee.

Before FLETCHER, WIGGINS and BRUNETTI, Circuit Judges.

PER CURIAM:

Appellants, the principal officers and only directors and shareholders of Terrestrial Systems, Inc., appeal an order of the district court, permitting Perpetual American Bank ("Perpetual") to attach certain of their assets. We find that this order is not an appealable final order and dismiss.

In April 1986, Perpetual filed an action in district court seeking damages for breach of a loan and security agreement and of guarantee agreements. In May 1986, as part of the ongoing litigation, Perpetual filed applications for three right-to-attach orders pursuant to Fed.R.Civ.P. 64 and applicable California law.[1] The applications sought to attach certain of the personal, non-exempt assets of the appellants as guarantors of the corporate obligations.

After a hearing, the district court granted Perpetual's applications and on July 1, 1986, the right-to-attach orders were issued. Appellants timely appealed.

This circuit has no published opinion deciding whether the grant of a prejudgment writ of attachment is an appealable order. We now hold that such orders do not meet the requirements of the collateral order doctrine announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949).

The rationale for concluding that the *grant* of attachment is not appealable under the *Cohen* doctrine was explained by the Supreme Court in *Swift & Co. Packers v. Compania Colombiana Del Caribe*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950). *Swift* was an admiralty case involving the attachment of a vessel. After holding that an order *vacating* an attachment was appealable because review at a later date would be an "empty rite" after the vessel had been released, the Court proceeded to state: "The situation is quite different where an attachment is upheld pending determination of the principal claim.... In such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." *Id.* at 689, 70 S.Ct. at 865.

Most circuits that have addressed the issue have concluded that a grant of attachment is not appealable. *See, e.g., W.T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir.1976) (an order of attachment (or an order continuing one) is not appealable until a final judgment is entered); *Rosenfeldt v. Comprehensive Accounting Service Corp.*, 514 F.2d 607, 610 (7th Cir.1975) (an order granting a writ of attachment does not constitute a final collateral order within

---

1. Fed.R.Civ.P. 64 provides, in pertinent part:

    At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include ... attachment....

the meaning of *Cohen*). We agree with these decisions and follow the rule that they announced.

Appellants rely on the Eighth Circuit's opinion in *Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir.), *cert. denied*, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969), in support of their contention that a grant of attachment is appealable under *Cohen.* We believe that *Baxter* is distinguishable. To the extent it may be seen as expressing views contrary to those of the Second and Seventh Circuits, we decline to follow it.[2]

Appellants have moved for an expedited appeal. Because this appeal is dismissed, the motion for expedited appeal is denied as moot.

DISMISSED.

---

**2.** *Baxter* was a highly unusual case in which the court of appeals evidently believed that, if review of the district court's authority to sequester funds were required to await appeal of the merits on protracted litigation, compliance with the applicable state law of attachment would come too late to insure protection of the defendants' property rights involved. 406 F.2d at 1123–24. No comparable circumstances exist here. Quite the contrary, at the time that the district court in this case granted Perpetual's applications for attachment, it ordered Perpetual to file an undertaking in the amount of $100,000.00 to protect the defendants' rights. The rights of the appellants are satisfactorily protected while the litigation on the main claim continues. Accordingly, this appeal clearly fails to satisfy the requirements of *Cohen* and must be dismissed.