**PMS DISTRIBUTING CO., INC., a California corporation; Polymembrane Systems Inc., a California corporation; Edward J. Stevenson, a California citizen, Plaintiffs–Appellants,**

v.

**HUBER & SUHNER, A.G., A Swiss corporation, Defendant–Appellee.**

No. 87–5644.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1988.

Decided Aug. 19, 1988.

Dissenting Opinion Amended Dec. 27, 1988.

Robert E. Gentino, Los Angeles, Cal., for plaintiffs-appellants.

Michael G. Yoder, Davis P. Goodman, Gibson, Dunn & Crutcher, Newport Beach, Cal., for defendant-appellee.

Before TANG, FARRIS and KOZINSKI, Circuit Judges.

FARRIS, Circuit Judge:

Plaintiffs, PMS Distributing Co., Inc., Polymembrane Systems, Inc., and Edward J. Stevenson appeal an order from the United States district court for the central district of California granting Huber & Suhner, A.G., a writ of possession. We hold

that such orders are not appealable final orders and dismiss.

Huber & Suhner filed a complaint against plaintiffs-appellants in the Superior Court of the County of Los Angeles on February 25, 1986. Three days later Huber & Suhner submitted an Ex Parte Notice of Application for Writ of Possession and Hearing. Before the hearing on the Writ of Possession, plaintiff-appellants filed a Petition to Compel Arbitration in federal district court under Section 4 of the United States Arbitration Act, 9 U.S.C. § 1 *et seq.* (1970), as well as Motion for Stay of all Proceedings in the State Court. The state court granted the motion for the stay and denied the original Writ of Possession due to the "inadequacy of the declaration and the frustration of pending federal arbitration." The Petition to Compel Arbitration was granted by the federal district court on June 26, 1986.

The initial arbitration conference was held on August 25, 1986. Counsel for PMS Distributing indicated that his client was in serious financial difficulty and could be forced out of business by a protracted arbitration. On November 24, 1986, Huber & Suhner filed an application for issuance of Writ of Possession in federal district court. The district court granted the order for issuance of the Writ of Possession and denied PMS Distributing's motion to vacate the order. PMS Distributing filed an appeal of these two rulings on February 24, 1987 and obtained an emergency stay against enforcement of the Writ of Possession from the court of appeals.

## I.

■ In *Perpetual American Bank, FSB v. Terrestrial Systems, Inc.*, 811 F.2d 504 (9th Cir.1987), we held that the *grant* of a writ of attachment was not an appealable order. We relied upon the Supreme Court's rationale in *Swift & Co. Packers v. Compania Colombiana Del Caribe*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950) which involved the attachment of a vessel. The Supreme Court distinguished between the appealability of an order vacating attachment and an order upholding attach-

ment. Appeal of an order vacating attachment is proper because review at a later date, after the vessel's release, would be an "empty rite." *Id.* at 688–89, 70 S.Ct. at 865. However, appeal of an order upholding an attachment mandates a different conclusion because "[in] such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." *Id* at 689, 70 S.Ct. at 865.

We find no rational basis for distinguishing between the grant of a writ of attachment and the grant of writ of possession for purposes of the appealability of the order. Both writs are provisional remedies which, when granted, protect both parties involved in the underlying dispute. The only substantive difference under California law between a writ of attachment and a writ of possession is that when a writ of attachment is granted a neutral third party is given possession of the property in question, and when a writ of possession is granted the party seeking the writ is awarded temporary possession of the property. In all other respects the writs are the same: the party seeking the writ must do so at a notice hearing; must show the probable validity of the underlying claim; must post an undertaking, the value of which is determined by the court; and is liable for wrongful attachment or possession. *See* Cal.Civ.Proc.Code §§ 482.010, et seq. (attachment), and §§ 512.010, et seq. (possession). We hold, therefore, that the grant of a writ of possession is not an appealable final order. The emergency stay against enforcement of the writ of possession is lifted.

## II.

PMS Distributing and the dissent would distinguish both *Perpetual American Bank*, 811 F.2d 504, and *Swift & Co. Packers*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206, by arguing that the writs of attachment in those cases were issued prior to the final judgment, whereas the present writ of possession was issued after the court had ordered Huber & Suhner and PMS Distributing to arbitration under sec-

tion 4 of the Federal Arbitration Act, 9 U.S.C. § 4. They assert that the district court's order constituted an entry of "final judgment" which stripped the court of its jurisdiction to issue subsequent provisional remedies because no case was pending.

Whether a district court may grant a writ of possession after it has ordered the parties to arbitration under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 has not yet been considered by the court, but there is considerable guidance from other jurisdictions to support our conclusion that an order to compel arbitration does not strip the district court of authority to grant a subsequent writ of possession.

In *Sauer–Getriebe KG v. White Hydraulics, Inc.*, 715 F.2d 348 (7th Cir.1984), *cert. denied*, 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984), the plaintiff alleged that the defendant had repudiated their contract. In the complaint, the plaintiff indicated that it intended to exercise its right to arbitrate the contract dispute, but sought preliminary and permanent injunctive relief until such time as the rights of the parties had been determined by arbitration. *Id.* at 349. The defendant argued that by filing the lawsuit the plaintiff had waived its right to arbitrate. *Id.* at 350. The Seventh Circuit disagreed, holding that the plaintiff's "right to seek injunctive relief in court and its right to arbitrate are not incompatible...." *Id.*

In *Roso–Lino Bev. Distrib. v. Coca–Cola Bottling Co.*, 749 F.2d 124 (2d Cir.1984), Coca–Cola notified Roso–Lino that it intended to terminate Roso–Lino's Coca–Cola distributorship. Roso–Lino brought suit 1) claiming wrongful termination and price discrimination and 2) seeking a preliminary injunction prohibiting Coca–Cola from terminating the distributorship. Coca–Cola countered with a cross-motion for an order directing the parties to arbitration. *Id.* at 125. The district court directed the parties to arbitration on the termination dispute, and stayed further court proceedings on the price discrimination claim until arbitration was complete. The court denied Roso–Lino's motion for preliminary injunction. *Id.* The Second Circuit reversed the denial

of preliminary injunction because it appeared from the record that the district court believed that its decision to order arbitration had stripped it of its power to grant provisional relief. The Second Circuit stated that "[t]he fact that a dispute is to be arbitrated ... does not absolve the court of its obligation to consider the merits of a requested preliminary injunction ...." *Id.*

In *Sauer–Getriebe KG*, 715 F.2d 348, and *Roso–Lino Bev. Distrib.*, 749 F.2d 124, the plaintiffs went to court to request provisional relief, and then proceeded to arbitration. Huber & Suhner requested provisional relief only after they had begun arbitration. However, it was not until facts concerning the financial situation of PMS Distribution came to light during the first arbitration hearing that the need for provisional relief became apparent. The only distinction then between the actions of Huber & Suhner and those of the plaintiffs in *Sauer–Getriebe KG* and *Roso–Lino Bev. Distrib.* is sequence and not substance.

The decision which is most similar factually to the present case is *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43 (1st Cir.1986), where the plaintiff filed a demand for arbitration against the defendant with the American Arbitration Association. Prompted by changes in the defendant's corporate status, plaintiff subsequently filed suit in federal district court seeking preliminary injunctive relief pending the outcome of arbitration. The district court granted the injunction. The court of appeals addressed the issue of "whether or not a preliminary injunction can be issued in an arbitrable dispute." *Id.* at 47.

After an exhaustive discussion of various circuit and Supreme Court authority, the First Circuit held

> that a district court can grant injunctive relief in an arbitrable dispute pending arbitration, provided the prerequisites for injunctive relief are satisfied. We believe this approach reinforces rather than detracts from the policy of the Arbitration Act.... We believe that the congressional desire to enforce arbitration agreements would frequently be frus-

trated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration and, *ipso facto*, the meaningfulness of the arbitration process."

*Id.* at 51.

 We adopt the approach of the Seventh, Second, and First Circuits as indicated in these opinions. The fact that a dispute is arbitrable and that the court so orders under Section 4 of the Arbitration Act, 9 U.S.C. § 4, does not strip it of authority to grant a writ of possession pending the outcome of the arbitration so long as the criteria for such a writ are met. A district court's order to arbitrate, with or without a retention of jurisdiction, has an "ongoing effect," and the parties may return to the district court for interpretation or modification of the order. *University Life Insurance Co. of America v. Unimarc Ltd.*, 699 F.2d 846, 850 (7th Cir.1983); *see also Carolina Power & Light Company v. Uranex*, 451 F.Supp. 1044, 1052 (N.D. Cal.1977) ("Section 4 of the United States Arbitration Act grants District Courts the power to actually order the parties to arbitration, but this provision has not been interpreted to deprive the courts of continuing jurisdiction over the action."). We hold that the parties may return to the district court after it has issued an order to arbitrate under Section 4 of the Arbitration Act, 9 U.S.C. § 4, to request a writ of possession pending the outcome of the arbitration and that the court may grant such a writ if the necessary criteria are met.

DISMISSED.

KOZINSKI, Circuit Judge, dissenting.

The majority misconstrues *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), and *Perpetual American Bank, F.S.B. v. Terrestrial Systems, Inc.*, 811 F.2d 504 (9th Cir.1987). Both cases state only that writs of attachment issued *prior to final judgment* are not appealable under the collateral order doctrine announced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). *See*

*Swift*, 339 U.S. at 689, 70 S.Ct. at 865 ("where an attachment is upheld *pending determination of the principal claim*" the order is not appealable) (dicta) (emphasis added); *Perpetual American*, 811 F.2d at 505 ("*prejudgment* writ of attachment is [not] an appealable order") (emphasis added). That principle has no application to this case. The writ of possession here was not issued prior to final judgment; it was issued only after the district court entered its order compelling arbitration under section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (1982). Because petitioners sought nothing else and respondents filed no counterclaims, the arbitration order resolved every issue in the case. *Swift* and *Perpetual American* are not germane; the post-judgment writ of possession is clearly appealable.

The distinction between the appealability of section 3 orders and section 4 orders was recently recognized by the Third Circuit:

Although there may, in fact, be very little practical difference in the "normal course of judicial procedure" between arbitration orders arising out of ongoing cases and arbitration orders arising in a proceeding to compel arbitration, *Rogers* [*v. Schering Corp.*, 262 F.2d 180, 182 (3rd Cir.), *cert. denied*, 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959) ], following the Supreme Court's lead, enunciated a rule under which only the latter are appealable final orders.

*Zosky v. Boyer*, 856 F.2d 554, 559 (3rd Cir.1988). The two circuits now appear to be in conflict on this issue.

I would therefore reach the merits and, once there, reverse. After the case was over, the district court had no authority to enter a writ of possession. I do not quarrel with the majority's assertion that "with or without a retention of jurisdiction ... the parties may return to the district court for interpretation or modification of the order." Majority Op. at 642. But a writ of possession is not an interpretation or modification of the judgment, it is an interlocutory remedy. Under California law it can only be issued pending disposition of the controversy before the court, never after

judgment. *See* Cal.Civ.Proc.Code § 512.010 (West 1979) (Legislative Committee Comment—Senate 1973 Addition) (issuance of writ of possession prohibited after trial).

*Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43 (1st Cir.1986), *Roso–Lino Bev. Distrib., Inc. v. Coca–Cola Bottling Co.*, 749 F.2d 124 (2d Cir.1984), and *Sauer–Getriebe KG v. White Hydraulics, Inc.*, 715 F.2d 348 (7th Cir.1983), *cert. denied,* 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984), on which the majority relies, are beside the point. None of these cases involved a petition to arbitrate under section 4 of the Arbitration Act. The issue in each case was whether, having stayed the underlying dispute and retained jurisdiction, a district court could issue an interlocutory injunction pending the arbitration decision. Under those circumstances, the case continued after the arbitration order was entered and issuance of the interlocutory injunction was a plausible exercise of equitable discretion.[1] A section 4 proceeding is quite different, because the principal dispute (here pending before the state court) is not before the district court; indeed, here the *only* dispute within that court's jurisdiction is the propriety of compelling arbitration. Having ordered arbitration, the district court has nothing left to do; it cannot retain jurisdiction over the case because there is no case to retain jurisdiction over. Contrary to the majority's assertion, therefore, this is not merely a matter of "sequence and not substance," Majority Op. at 641; sequence here *is* substance.

---

1. *Carolina Power & Light Co. v. Uranex*, 451 F.Supp. 1044, 1052 (N.D.Cal.1977), while containing language that seems to support the majority's view, is equally irrelevant. The court there issued interlocutory relief pending resolution of the arbitration while retaining jurisdiction over the underlying dispute. Thus, the order for arbitration could not have been issued pursuant to section 4 of the Arbitration Act; the reference to section 4 must therefore have been acute dicta or a typographical error.