64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STANDARD INSURANCE COMPANY, an Oregon corporation, Plaintiff-Appellee,
v.
Jerome W. SAKLAD, an individual, Defendant-Appellant.
 No. 94-55245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1995.
Decided Aug. 11, 1995.
 
 Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerome W. Saklad ("Saklad") appeals from the district court's grant of Standard Insurance Company, Inc.'s ("Standard") motion for leave to deposit funds with the court pursuant to Fed.R.Civ.P. 67.[1]
 
 
 3
 Saklad argues that Rule 67 cannot be used for deposit of the money because: 1) ERISA does not provide for any of the equitable remedies sought by Standard in its declaratory judgment action, and 2) Rule 67 cannot be used to circumvent the unavailability of a provisional remedy under Fed.R.Civ.P. 64[2] due to the Oregon state court ruling that payments covered by ERISA are exempt by state law from garnishment.
 
 
 4
 Standard holds an existing, monetary fraud judgment against Saklad relating to a prior payout of insurance proceeds under a separate policy. Standard seeks equitable relief in the form of a setoff or coordination of benefits under ERISA, 29 U.S.C. Sec. 1132(a)(3). In order to preserve the fund to which it claims equitable relief, Standard requested and was granted leave to deposit the money with the court pursuant to Rule 67.
 
 
 5
 The district court's order is not a final judgment since it does not dispose of the underlying issue of whether Standard is entitled to an equitable setoff or coordination of benefits under ERISA. If jurisdiction exists over Saklad's appeal, it must fall within the collateral order exception to the final judgment rule. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). We conclude that it does not.
 
 
 6
 The propriety of application of Rule 67 in this case hinges, at least in part, upon whether the fund itself is in dispute. This issue, however, as Saklad argues, depends upon the resolution of Standard's underlying claim itself, i.e., whether ERISA in fact provides for an equitable claim setoff or coordination of benefits and whether state law exemptions and/or prior state court decisions affecting the parties preclude such equitable relief if otherwise available. The close connection between the issue now raised by Saklad and the underlying merits of the action prevents application of the collateral order exception to the final judgment rule. See Cohen at 546; Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); Orange County Airport Hotel Assocs. v. Hongkong and Shanghai Banking Corp., 52 F.3d 821, 823 (9th Cir.1995).
 
 
 7
 We also note that provisional orders entered by the district court to preserve or protect assets of a party pending final resolution of an action do not generally qualify for the Cohen collateral order exception to the final judgment rule. We have, for example, previously held that prejudgment writs of attachment do not qualify for interlocutory appeal. Perpetual Amer. Bk., F.S.B. v. Terrestrial Systems, 811 F.2d 504, 506 (9th Cir.1987). See also In Re Jenson, 980 F.2d 1254, 1257 (9th Cir.1992); PMS Distrib. Co. v. Huber & Suhner, A.G., 863 F.2d 639, 640 (9th Cir.1988). As with provisional remedies, the grant of a Rule 67 motion will protect the assets of the parties pending resolution of the underlying action and would, therefore, not be appealable.
 
 
 8
 The issue raised by Saklad is not reviewable prior to final judgment.
 
 
 9
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 67 provides in relevant part that "[i]n an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money ... a party ... may deposit with the court all or any part of such sum or thing."
 
 
 [2]
 Rule 64 provides in relevant part: "At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held."