**FREEPLAY MUSIC, INC.,**
Plaintiff–Appellant,

v.

**VERANCE CORP., Defendant–**
**Appellee.**

No. 03–7803.

United States Court of Appeals,
Second Circuit.

Nov. 7, 2003.

Gabriel J. Fischbarg, Toptani Law Offices, New York, NY, for Appellants.

Keara A. Bergin, Dewey Pegno & Kramarsky LLP, New York, NY, for Appellees.

Present: WALKER, Chief Judge, NEWMAN, and CARDAMONE, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED, IN PART** and **VACATED AND REMANDED, IN PART.**

Appellant Freeplay Music, Inc. ("Freeplay") appeals from the August 19, 2003 judgment of the district court denying its motion for a preliminary injunction and dismissing its claims (*sua sponte*) for (1) declaratory judgment for breach of contract; (2) unconscionability; (3) reformation; and (4) breach of duty of good faith and fair dealing, for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).

The underlying dispute arises from a now-terminated license agreement entered into by Freeplay and appellee Verance Corp. ("Verance") in June, 2001. Under the agreement, Verance provided Freeplay with software services designed to detect the number of times a particular musical piece is played over the public airways. Freeplay encoded its 400 track music library to conform to Verance's software thus enabling Freeplay to collect royalty payments for public use of its music. The agreement provided that Freeplay would pay Verance $1000 per month for a period of three years with the option to renew for three additional one-year periods. This is memorialized in Exhibit A to their form contract. Paragraph 4.2 of the form contract, signed by the parties, gave Verance the right to terminate the licensing agree-

ment "with or without cause" on 30 days' written notice. The form contract also specified in paragraph 4.1 that the agreement could be terminated by Verance prior to the end of any term in accordance with paragraph 4.2. By letter dated July 14, 2003, Verance gave Freeplay written notice that the agreement would terminate in 30 days. The agreement terminated on August 17, 2003. The district court denied Freeplay a preliminary injunction that would have kept the agreement in effect.

■ We review the district court's denial of the preliminary injunction motion to enjoin Verance from terminating the contract for abuse of discretion. We find no clear error with the district court's factual findings that Freeplay cannot make a showing of irreparable harm. *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 167 (2d Cir.2001). According to Freeplay, it would cost $200,000 to secure a "replacement contract" with one of defendant's competitors. Freeplay alleges that it would lose the entire value of royalty payments from the 400 songs already encoded with Verance's proprietary technology and distributed to the public. Where, as here, Freeplay contends loss of a unique product, we have found irreparable harm where loss of customers and the competitive disadvantage that would result from inability to supply customers with the terminated product is shown. *See Reuters Ltd. v. United Press Int'l, Inc.,* 903 F.2d 904, 908–09 (2d Cir.1990). That is not the case here because Freeplay does not stand to lose customers or the ability to supply customers with its product, rather, it just stands to lose profits.

Lost profits alone are not sufficient to show irreparable harm. Freeplay has not clearly shown a loss of prospective goodwill or customers, *Tom Doherty Assocs., Inc., v. Saban Entm't, Inc.,* 60 F.3d 27, 37–39 (2d Cir.1995) nor that, because its li-

censing agreement with Verance was its business, it would have no business to conduct, *Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914, 917–18 (2d Cir. 1986); *But see Roso–Lino Beverage Distribs. v. Coca–Cola Bottling Co. of New York, Inc.*, 749 F.2d 124, 125–26 (2d Cir. 1984) (irreparable harm shown to prevent cancellation of dealership agreement to prevent destruction of an ongoing business). Instead, Freeplay has only suggested that it will lose profits and concedes that it can contract with another company for similar, if not identical services. Its allegation that it will lose its entire business is not borne out by the record. On these facts, the district court did not abuse its discretion. Accordingly, we affirm its denial of Freeplay's motion for a preliminary injunction.

We next discuss the merits of Freeplay's claims as they relate to the district court's *sua sponte* dismissal for failure to state a claim for which relief can be granted. We review that ruling *de novo* and affirm if, accepting as true all factual allegations averred in the complaint, it appears beyond doubt that Freeplay can prove no set of facts in support of claims to entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Freeplay first argues that Verance breached the contract because the parties did not intend Verance to have the right to terminate for convenience upon 30 days' notice. After reviewing evidence the parties submitted for Freeplay's motion for a preliminary injunction, the district court *sua sponte* dismissed Freeplay's breach of contract claim on the basis that Verance's "actions [fell] within the confines of the parties' unambiguous written agreement." While the court purported to act pursuant to Rule 12 rather than Rule 56, we construe it to be the latter because the court considered evidence beyond the pleadings

offered in connection with the preliminary injunction motion. Because it is unclear whether the evidence on which the district court relied was all the evidence the parties could have adduced in a Rule 56 motion for summary judgment, we vacate for proper resolution under Rule 56 upon a complete record. *See also Hanson v. McCaw Cellular Communications, Inc.*, 77 F.3d 663, 667–69 (2d Cir.1996) (where contract interpretation is at issue, summary judgment is proper where contract language is unambiguous).

Freeplay also argues that Verance breached the covenant of good faith and fair dealing because, by threatening to terminate the contract, Verance allegedly attempted to extort additional money from Freeplay; that it is entitled to reformation based on mutual mistake in that Verance inadvertently retained the termination for convenience section in its form contract or, in the alternative, based on unilateral mistake under Cal. Civ.Code § 3399 in that Freeplay was misled by Verance into believing that the 30–day notice provision did not apply to it. The district court also dismissed these claims *sua sponte*. We vacate the dismissal and remand so that the district court, upon a complete record, may determine whether Verance is entitled to summary judgment on these claims.

We have considered Freeplay's remaining arguments and find them to be without merit.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED, IN PART** and **VACATED AND REMANDED, IN PART.**