### In re FAIVELEY TRANSPORT MALMO AB.

#### No. M10–63.

United States District Court, S.D. New York.

Nov. 20, 2007.

**640**

John P. Mancini, Mayer Brown, New York City, for Plaintiff.

Daniel K. Winters, Reed Smith, New York City, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

By Order to Show Cause dated October 18, 2007, Faiveley Transport Malmo AB ("Faiveley") moves this Court (sitting in Part 1) to enjoin Wabtec Corporation ("Wabtec") from engaging in various commercial activities relating to Brake Friction Cylinder Tread Brake Units ("BFC TBUs")—"probably best known as that loud squeaking, sparking braking system that so reliably stops the New York City Transit subway system." Mem. of Law in Resp. to Wabtec Corp.'s Mot. to Dismiss Application of Faiveley Transport Malmo AB for Prelim. Inj. and Expedited Disc, in Aid of Pending Foreign Arbitration at 1.[1] By way of background, in 1993, Faiveley's predecessor-in-interest and Wabtec entered into a License Agreement (the "Agreement") whereby Faiveley granted Wabtec a license to manufacture and sell certain Faiveley products, including the BFC TBUs. In 2004, Faiveley terminated the Agreement, and now contends that Wabtec has persisted in unlawfully using Faiveley's technology, patents, and confidential information to produce and market BFC TBUs in North America. On the same day that it sought emergency injunctive relief in this Court, Faiveley initiated an arbitration proceeding in Sweden to resolve the parties' underlying contractual dispute. Essentially what Faiveley seeks here is injunctive relief to maintain the status quo during the pendency of that arbitration.

In response to the Order to Show Cause, Wabtec, among other things, moved to dismiss Faiveley's motion for injunctive relief on the ground that the Agreement itself prohibits recourse to the courts even for these limited purposes. After the parties had briefed this threshold issue, the Court heard oral argument

---

1. Faiveley also moved to compel Wabtec to turn over certain documents related to the BFC TBUs.

on November 7, 2007. Having now considered the matter fully, the Court concludes that nothing in the Agreement precludes Faiveley from seeking the injunctive relief it here seeks.

■ It is settled law that when a contract is silent as to the availability of injunctions pending arbitration, a district court retains the power to provide such relief. *See Roso–Lino Beverage Distribs., Inc. v. Coca–Cola Bottling Co.*, 749 F.2d 124 (2d Cir.1984) (per curiam) (reversing district court's finding that "its decision to refer the dispute to arbitration stripped the court of power to grant injunctive relief," and holding that "the fact that a dispute is to be arbitrated ... does not absolve the court of its obligation to consider the merits of a requested preliminary injunction"); *see also Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1052 (2d Cir.1990) (concluding that *Roso–Lino* "gave explicit and broad recognition to a district court's power to grant preliminary injunctive relief pending arbitration" and rejected any notion that district court injunctions pending arbitration are available only when the contract expressly so provides). Indeed, such relief "preserve[s] the meaningfulness of the arbitration"; without it, parties could irreversibly alter the status quo and thereby render the arbitration a "hollow formality." *Blumenthal*, 910 F.2d at 1053 (internal quotation marks omitted).

Wabtec contends, however, that resort to a court to preserve the status quo is here prohibited by the first sentence of section 27.1 of the Agreement, which provides that "[a]ny dispute arising out of or in connection with this agreement shall be finally settled by arbitration *without recourse to the courts."* License Agreement § 27.1, Ex. 1 to Request for Arbitration in Dispute Between Faiveley Transport Malmo AM and Wabtec Corp., Ex. A to Decl. of Daniel K. Winters, Esq. (emphasis supplied). The injunctive relief Faiveley here seeks, however, would not jeopardize paragraph 27.1's requirement that disputes be "finally settled" by arbitration. Indeed, Faiveley has already initiated the arbitration proceeding which will finally settle the underlying contractual dispute between the parties; it merely seeks to maintain the status quo while that result is achieved.

Moreover, section 27.1 goes on, in the next sentence, to provide that "[t]he disputes shall be settled in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce by three arbitrators designated in conformity with those rules." *Id.* § 27.1.1. While, again, this provision emphasizes that what is to be determined by the arbitrators is the underlying contractual dispute, and not the ancillary preservation of the status quo pending such determination, the reference to the Rules of Conciliation and Arbitration of the International Chamber of Commerce is instructive, for Article 23(2) of those Rules provide that:

> Before the trial is transmitted to the Arbitral Tribunal, and in appropriate circumstances even thereafter, *the parties may apply to any competent judicial authority for interim or conservatory measures.* The application of a party to a judicial authority for such measures or for the implementation of any such measures ordered by an Arbitral Tribunal shall not be deemed to be an infringement or a waiver of the arbitration agreement and shall not affect the relevant powers reserved to the Arbitral Tribunal. . . .

Rules of Arbitration art. 23(2), Ex. C to Decl. of Daniel K. Winters, Esq. (emphasis supplied).[2] Here, it is undisputed that the

---

**2.** Article 8(5) of the Rules in place at the time

the parties entered the License Agreement

arbitration tribunal has not yet been convened, or its members selected, and hence resort to "any competent judicial authority for interim or conservatory measures" is precisely what is contemplated by the very Rules that the parties agreed would govern.[3]

The Court has considered Wabtec's other arguments in support of its contention that the parties agreed to preclude resort to the courts for the kind of injunctive relief here sought and finds them so lacking in merit as not to warrant further discussion here. Accordingly, the Court hereby denies Wabtec's motion to dismiss and concludes that a court may proceed to consider on the merits Faiveley's request for an injunction to preserve the status quo. That said, since the undersigned is no longer the judge sitting in Part I, the underlying application for injunctive relief is hereby referred to whichever judge is sitting in Part I beginning the Monday following the filing of this Memorandum Order and the parties are hereby instructed to contact that judge to schedule further proceedings herein. *See* Rule 3, Rules for the Division of Business Among District Judges of the Southern District of New York.

SO ORDERED.

contain a similar provision:

> Before the trial is transmitted to the arbitrator, and in exceptional circumstances even thereafter, *the parties shall be at liberty to apply to any competent judicial authority for interim or conservatory measures*, and they shall not by so doing be held to infringe the agreement to arbitrate or to affect the relevant powers reserved to the arbitrator....

International Chamber of Commerce, Rules of Conciliation and Arbitration art. 8(5), Ex. B

to Decl. of Daniel K. Winters, Esq. (emphasis supplied).

3. To like effect, see American Arbitration Association, Commercial Arbitration Rule 21.1 ("A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate ....."), and American Arbitration Association, International Arbitration Rule–34 (same).