MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., Plaintiff–Appellee,

v.

Connie J. DUTTON,
Defendant–Appellant.

No. 88–1247.

United States Court of Appeals,
Tenth Circuit.

April 13, 1988.

Gordon D. Gee of Rich, Granoff, Levy &
Gee (Ron Bodinson of Shook, Hardy & Bacon, Overland Park, Kan., with him on the
brief), Kansas City, Mo., for plaintiff-appellee.

Major W. Park, Jr., of Gage & Tucker (J.
Patrick Shepard of Gage & Tucker, Overland Park, Kan., with him on the briefs),
Kansas City, Mo., for defendant-appellant.

Before McKAY, ALARCON,* and
JOHN P. MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

■  This is an appeal from an order
granting injunctive relief to the plaintiff,
Merrill Lynch, Pierce, Fenner & Smith,
Inc., in an action to enforce an employment
contract with a former employee, defendant Connie J. Dutton.  Because the contract calls for mandatory arbitration, Ms.
Dutton argues the district court's injunctive order violates section 3 of the Federal
Arbitration Act, 9 U.S.C. § 3.  In light of

* Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by desig-

nation.

the agreement between the parties, we hold a preliminary injunction preserving the status quo until the arbitration panel takes jurisdiction does not violate § 3. We therefore affirm.

When Ms. Dutton accepted employment with Merrill Lynch, she executed a contract that prohibited her from removing client lists from her Merrill Lynch files and from soliciting her former Merrill Lynch clients for one year after her departure. The contract also provided:

> I further consent to the issuance of a temporary restraining order or a preliminary or permanent injunction to prohibit the breach of any provision of this contract, or to maintain the status quo pending the outcome of any arbitration proceeding which may be initiated.

This contract, like the employment contracts of all brokerage employees, is supplemented by the Rules of the New York Stock Exchange, of which Merrill Lynch is a member. Rule 347(b) of the Exchange mandates compulsory arbitration for resolution of disputes between members and their employees.

After approximately three years' employment, Ms. Dutton resigned from Merrill Lynch and accepted a position with a competing broker. Immediately following her resignation, she began soliciting customers she had served while employed by Merrill Lynch.

Merrill Lynch filed this action seeking to enforce the terms of the employment contract. The district court granted Merrill Lynch a temporary order restraining Ms. Dutton from soliciting her former customers and prohibiting her from using for solicitation purposes any information she obtained during her employment with Merrill Lynch. In reliance upon § 3 of the Federal Arbitration Act, Ms. Dutton moved for an order compelling arbitration and for a stay of further proceedings in the trial court.

Merrill Lynch conceded the propriety of the stay but demanded entry of a preliminary injunction to protect the status quo. After hearing evidence on the motion for injunctive relief, the court entered an order enjoining Ms. Dutton from use of her customer lists and from soliciting those persons whom she had served while employed by Merrill Lynch. At the same time, the court ordered the parties to "proceed with haste to arbitration to be held ... in accordance with the rules of the New York Stock Exchange." In accordance with 9 U.S.C. § 3, the court stayed further judicial proceedings until completion of arbitration.

Ms. Dutton appealed, contending the entry of the preliminary injunction violates § 3, which states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or preceding is referable to arbitration ... shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

While conceding the propriety of the temporary restraining order entered in the district court, she contends the open-ended preliminary injunction invades the authority of an arbitration panel and thus interferes with the policy of the Federal Arbitration Act encouraging arbitration. In essence, she maintains a preliminary injunction that survives the initiation of an arbitration proceeding inhibits remedies within the jurisdiction of the arbitration panel.

Merrill Lynch argues that, having contractually agreed to the entry of injunctive relief to protect the status quo, Ms. Dutton cannot object to the remedy ordered by the district court. Yet, Merrill Lynch also concedes it is only entitled to judicial preservation of the status quo until the arbitration panel can decide whether injunctive relief should be granted and how it should be structured.

■ Our resolution of the controversy is founded upon our agreement with positions taken by both parties. First, plaintiff is entitled by the employment contract to the

**728**

entry of orders protecting the status quo until the merits of its dispute with its former employee can be resolved. Whether the forum for such relief is in the first instance a court or an arbitration panel is left open by the terms of the contract. Thus, Merrill Lynch's resort to the district court was within its contractual rights. The entry of the temporary restraining order was appropriate. *See Teradyne, Inc. v. Mostek Corp.,* 797 F.2d 43, 51–52 (1st Cir.1986); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley,* 756 F.2d 1048, 1054 (4th Cir.1985); *Roso–Lino Beverage Distribs., Inc. v. Coca–Cola Bottling Co. of N.Y., Inc.,* 749 F.2d 124, 125 (2d Cir. 1984); *Sauer–Getriebe KG v. White Hydraulics, Inc.,* 715 F.2d 348, 351–52 (7th Cir.1983), *cert. denied,* 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984).

Yet, when Ms. Dutton invoked the right conferred upon her by the Federal Arbitration Act to seek arbitration of the dispute, she initiated a course of events which led to a statutorily mandated suspension of judicial authority. The purpose of the Arbitration Act is to compel a party to honor an agreement to arbitrate. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 219–20, 105 S.Ct. 1238, 1241–42, 84 L.Ed.2d 158 (1985); *Albatross S.S. Co. v. Manning Bros., Inc.,* 95 F.Supp. 459, 463 (S.D.N.Y. 1951). To facilitate that compulsion, the Act deprives a court from proceeding to trial when it finds arbitration is required by agreement of the parties.

█ Courts have effectively protected the parties' competing interests by approving initial grants of injunctive relief *pending* arbitration. *Teradyne v. Mostek,* 797 F.2d at 51; *Merrill Lynch v. Bradley,* 756 F.2d at 1052; *Sauer–Getriebe KG v. White,* 715 F.2d at 350. Yet, Merrill Lynch concedes an injunctive remedy that would deprive an arbitration panel of the full span of its broad authority over the parties and over all arbitrable issues would be contrary to the purpose and limitations of the Arbitration Act and transcend the court's power to preserve the prearbitration status quo. We agree and hence conclude the open-ended preliminary injunction entered by the district court was improper. Upon remand, the district court shall modify the preliminary injunction to expire when the issue of preserving the status quo is presented to and considered by the arbitration panel.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED for modification of the order granting preliminary injunction in accordance with this opinion.