**RGI, INC., Plaintiff–Appellee,**

v.

**TUCKER & ASSOCIATES, INC., Defendant–Appellant.**

**No. 88–3146.**

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1988.

George B. Recile, New Orleans, La., for defendant-appellant.

Daniel Lund, Nathan T. Gisclair, Jr., New Orleans, La., for plaintiff-appellee.

Before WISDOM, GEE and JONES, Circuit Judges.

GEE, Circuit Judge:

Tucker & Associates (Tucker), a prime contractor on a Government contract, appeals an order by the district court granting RGI, its subcontractor, a preliminary injunction pending arbitration. This injunction attempts to maintain the status quo by allowing RGI to continue its contractual relationship with Tucker until the dispute is settled by an arbitrator.

Tucker argues that it does not seek relief from the district court's order enforcing the arbitration provisions of the contract. Rather, it "seeks relief from this court with regard to the injunction which requires the appellant to keep the contract in full force and effect pending arbitration." Because the preliminary injunction serves both to implement a bargained-for relationship clearly specified in the subcontract and is in accordance with federal policy to expedite arbitration which is articulated in the Federal Arbitration Act, we conclude that the district court did not abuse its discretion in issuing the preliminary injunction.

### Background

In March 1986, Tucker contracted with the Navy through the Small Business Administration ("SBA") under its minority small business program to supply personnel records management at the Naval Reserve Personnel Center in New Orleans. Tucker then sub-contracted 45% of the work to RGI, an action approved by the SBA in compliance with the Federal Acquisition Regulations.

During the course of 1987 wage determination negotiations with the Navy, Tucker discovered that it was underpaying its employees. It reported the underpayment, and the Department of Labor ("DOL") audited the project, including RGI, Tucker's subcontractor. Tucker contends that, after meetings in October 1987, it was convinced that RGI would not comply with the Federal Fair Labor Standards Act, the Service Contract Act, and the prime contract. As a result, Tucker unilaterally advised RGI that the escrow agent at Century Bank was being instructed to continue holding all funds that would otherwise be paid to RGI pending an audit. The DOL investigation determined that RGI was not complying with the Service Contract and federal regulations.

Tucker feared that, if RGI did not remedy its violations, Tucker would be held responsible by the Government for RGI's noncompliance with the regulations and the contract and thus be subject to either suspension and/or debarment from further government contracts. In February 1988, therefore, Tucker notified the Navy that it intended to terminate its subcontract with RGI and did so. RGI then filed this action in district court seeking an order to enforce arbitration of the contract issues that were in dispute and to obtain an injunction reinstating the subcontract pending arbitration. The district court granted the injunction and ordered arbitration. Tucker appeals only the injunction.

### Analysis

This case presents a unique twist on a familiar problem that remains unsettled: "Whether the [Federal] Arbitration Act bars the issuance of a preliminary injunction pending arbitration." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed. 2d 804, 806 (1985) (White, J. dissenting from denial of cert.) (question has divided state and federal courts). The crux of the problem is whether the commands of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. require that a federal court immediately divest itself of any power to act to maintain the status quo once it decides that

the case before it is arbitrable. The Eighth and Tenth Circuits hold that preliminary injunctive relief is unavailable. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1291 (8th Cir. 1984); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Scott*, No. 83–1480 (10th Cir. May 12, 1983) (unpublished order). On the other hand, the First, Second, Fourth and Seventh Circuits permit preliminary injunctions to maintain status quo pending arbitrations. *See Teradyne v. Mostek Corp.*, 797 F.2d 43 (1st Cir.1986); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048 (4th Cir.1985); *Roso–Lino Beverage Distributors, Inc. v. Coca–Cola Bottling Company of New York*, 749 F.2d 124 (2nd Cir.1984); *Sauer–Getriebe KG v. White Hydraulics, Inc.*, 715 F.2d 348 (7th Cir.1983).

The language of the Federal Arbitration Act says nothing either way regarding the ancillary power of a federal court to act, once it determines that the dispute is arbitrable. Section 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court ... shall upon application of one of the parties *stay the trial* of the action until such arbitration has been had *in accordance with the terms of the agreement....*

9 U.S.C. § 3 (1988) (emphasis added). In addition, section 4 of the Act provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall *make an order* directing the parties to *proceed to arbitration in accordance with the terms of the agreement.*

9 U.S.C. § 4 (1988) (emphasis added). From the language of the statutes, al-though it is clear that the district court must stay the proceeding before it and "compel" the parties to arbitrate "in accordance with the terms of the agreement," federal courts have been undecided whether the statutory language gives them the authority to use one, albeit an "extraordinary" one, *see Mississippi Power & Light v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir.1985), of the other tools at their disposal—the preliminary injunction.

We commence by noting that even though statutory language is wanting here, the intent of Congress and its public policy goal are clear. As the Supreme Court has observed, "Congress' clear intent, in the Arbitration Act, [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983). Indeed, federal policy favored arbitration "notwithstanding any state substantive or procedural policies to the contrary [and in effect] create[d] a body of federal substantive law." [1] *Id.* at 24, 103 S.Ct. at 941. Although the policy goal of effectuating arbitration has been clear, however, there has been disagreement about the means.

### Difference and Similarity

In *Hovey, supra*, 726 F.2d at 1286, the Eighth Circuit agreed that Congressional intent was to "expedite arbitration," *id.* at 1291, but to that end held that preliminary injunctive relief was inappropriate because "judicial inquiry requisite to determine the propriety of injunctive relief necessarily would inject the court into the merits of issues more appropriately left to the arbitrator." *Id.* at 1292. Instead, the court decided, where arbitration is to be ordered, the speediest course is for the court to order it and stand aside. Important for the case before us, however, the *Hovey* court carefully noted that there "the parties [had] not alleged that the contract pro-

---

1. Louisiana law is compatible with the Federal Arbitration Act: The court shall issue an order *enforcing the arbitration* agreement *in accord-*ance *with its terms.* L.S.A.–R.S. 9:4203 (1988) (emphasis added).

vide[d] for or contemplate[d] injunctive relief along the lines granted." *Id.* at 1291.[2]

On the other hand, in *Teradyne, supra,* 797 F.2d 43, the First Circuit summed up the positions of the Circuits granting preliminary injunctions:

> We believe that the congressional desire to enforce arbitration agreements would frequently be frustrated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration and, ipso facto, the *meaningfulness of the arbitration process.*

*Id.* at 51.

We need not resolve the differences between these views, however, in order to decide this appeal; for there is an area of consensus. Both sides agree that expediting the procedural move to arbitration is central to judicial decision-making. *Hovey* leaves open the possibility of a court's entering a preliminary injunction where the parties had contemplated its use beforehand. *See Hovey,* 726 F.2d at 1291. In such a circumstance, the court need not involve itself in balancing the various factors to determine whether a preliminary injunction should be issued. *See Mississippi Power & Light v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985). Thus, where the court need not be concerned with the merits of the case, the reasoning in *Hovey* is not in conflict with that of *Teradyne.*

In the case before us, Article 12 of the subcontract between RGI and Tucker provides:

> In the event that a dispute is submitted for arbitration pursuant to this paragraph, this Subcontract *shall continue in full force and effect* until such decision is rendered ... If the Contractor has capability to honor such invoices it shall make such payments as required and the Subcontractor services shall continue until such time as a decision is rendered under this article.

This bargained-for provision clearly contemplates that the status quo is to continue pending arbitration. In contravention of this provision, Tucker has sought to terminate the contractual relationship with RGI pending arbitration. Thus it was appropriate for the district court to issue the preliminary injunction to insure that the arbitration clause of the contract will be carried out as written. Because the district court's decision to issue the preliminary injunction falls in an area of apparent consensus among the Circuits as to preliminary injunctions under the Federal Arbitration Act, we need go no further to decide this appeal.

AFFIRMED.

---

**2.** In *Hovey,* Merrill Lynch, because it feared its business records being used by discharged employees, sought an injunction to avoid what it felt would be irreparable harm if the status quo was not frozen forthwith. What the district court apparently feared was getting involved in evaluating the merits of the case.