25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff-Appellee
v.
Alice F. TIANO, Defendant-Appellant.
 No. 93-5557.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1994.
 
 Before: MERRITT, Chief Judge; KENNEDY and NELSON, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Even though the stockbroker employment agreement at issue here had a mandatory arbitration clause, the district court enforced non-compete provisions of the contract by enjoining the defendant, a former employee, from soliciting brokerage business from plaintiff's clients and from retaining or using those clients' records after she left the plaintiffs' employ. This preliminary injunction was intended to maintain the status quo between the parties until a New York Stock Exchange arbitration panel decides the merits of the dispute under the arbitration clause of the contract. Defendant has appealed on the grounds that Sec. 3 of the Federal Arbitration Act, 9 U.S.C. Sec. 3, deprives federal courts of jurisdiction to issue such injunctions pending arbitration and, in the alternative, that the court below abused its discretion by entering the injunction in this case.
 
 
 2
 Under the terms of the employment agreement, the provision prohibiting solicitation expired one year after termination of employment. Termination occurred on February 12, 1993. Consequently, the non-solicitation portion of the injunction expired on February 12, 1994, and is no longer at issue. Thus the dispute concerning solicitation of business is moot.
 
 
 3
 On the records issue, defendant copied the account information for approximately 400 of her clients at Merrill Lynch and took these documents with her to her new employer, J.C. Bradford. She copied the records immediately prior to her resignation, and she then used these documents to solicit her former clients, many of whom transferred their accounts to J.C. Bradford so defendant could continue to broker their investments. It is these records that the district court enjoined defendant from using or retaining and that the court ordered her to return to Merrill Lynch immediately. At oral argument in this court the parties reported that they have now agreed to vary the terms of the injunctive order. Rather than return the records to Merrill Lynch, defendant's lawyer has taken possession of the documents under the agreement pending arbitration and the final outcome of the dispute. In light of the agreement of the parties, the controversy over the records appears moot as well.
 
 
 4
 In light of our disposition we need not decide either the jurisdictional or the abuse-of-discretion issue, although we note that seven circuits have held that--at least under some circumstances--jurisdiction to issue an injunction maintaining the status quo is not barred by the Arbitration Act.[1]
 
 
 5
 Accordingly, the case is remanded to the district court with instructions to vacate the injunction as moot.
 
 
 
 [1]
 See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d 211 (7th Cir.1993); Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049 (2d Cir.1990); Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806 (3d Cir.1989); PMS Distributing Co., Inc. v. Huber & Suhner, A.G., 863 F.2d 639 (9th Cir.1988); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton, 844 F.2d 726 (10th Cir.1988); Teradyne, Inc. v. Mostek Corp., 797 Fy.2d 43 (1st Cir.1986); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048 (4th Cir.1985); Sauer-Getriebe KG v. White Hydraulics, Inc., 715 F.2d 348 (7th Cir.1983), cert. denied, 464 U.S. 1070 (1984)