

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00126-CV
No. 07-23-00207-CV

**GLOBAL BUILDING, LLC, APPELLANT**

**V.**

**AULUKISTA, LLC, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF GLOBAL WINDCREST II, LLC, APPELLEE**

On Appeal from the 131st District Court
Bexar County, Texas
Trial Court No. 2022-CI-04617, Honorable Walden E. Shelton, Jr. and
Honorable Mary Lou Alvarez, Presiding

August 9, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Global Building, LLC, filed two interlocutory appeals: (1) from the denial of its motion to compel arbitration and (2) from the granting of a temporary injunction in favor of Appellee, Aulukista, LLC, individually and derivatively on behalf of Global Windcrest II, LLC. We consider these appeals together because the issues regarding the motion to compel arbitration are dispositive. Because we find the trial court abused its

discretion in denying the motion to compel, we reverse and render, stay the underlying litigation, and grant the motion to compel arbitration; we also vacate the order granting a temporary injunction and remand for further proceedings.[1]

## BACKGROUND

This appeal arises out of a governance dispute concerning a limited liability company that owns a commercial property in San Antonio, Texas. Global Windcrest II, LLC ("Windcrest II"), owns a commercial office building and is 32% owned by Global Windcrest Partners, LLC ("Windcrest Partners"), and 64% owned by Aulukista, LLC ("Aulukista"). Windcrest Partners and Aulukista appointed Global Building, LLC ("Global") to be the manager for Windcrest II. Global is owned and operated by the principles of Windcrest Partners.

A dispute arose between Windcrest II's owners concerning the management of the office building, and Aulukista unilaterally removed Global as the manager under the Windcrest II operating agreement. Global did not recognize its removal as manager, and Aulukista filed suit seeking a temporary restraining order, temporary injunction, and permanent injunction against Global. The restraining order, granted ex parte, restrained Global from acting as manager for Windcrest II and the commercial property and contained an order for Global to turn over the books and records of Windcrest II to Aulukista. Once it was served and made an appearance, Global removed the case to

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Fourth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

federal district court. The federal district court did not issue a temporary injunction or any extension of the temporary restraining order, which expired during the pendency of the case in federal court. While in federal court, the parties attempted to negotiate and mediate their dispute to no avail.

After nine months, the federal court remanded the case to state district court. Aulukista set a hearing on its application for temporary injunction included in its original petition. Global filed a motion to compel arbitration based upon the arbitration clause found in the operating agreement of Windcrest II. Aulukista opposed the motion arguing its suit was exempt from mandatory arbitration under an exception for "purely injunctive relief."

At the temporary injunction hearing, both Aulukista's counsel and Global's counsel noted a pending motion to compel arbitration. Aulukista argued the temporary injunction was not within the scope of the arbitration clause and therefore should be granted. The trial court granted the temporary injunction. The hearing on Global's motion to compel occurred a month later, and the trial court denied the motion to compel.

Global appealed both the granting of the temporary injunction and the denial of its motion to compel arbitration. During the pendency of this appeal, the Fourth Court of Appeals granted Global's motion for emergency stay, abating the proceedings in the trial court until the resolution of these appeals.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to compel arbitration for abuse of discretion, affording deference to the court's factual determinations, but review legal

3

questions de novo. *City of San Antonio v. Cortes*, 468 S.W.3d 580, 583 (Tex. App.—San Antonio 2015, pet. denied) (citing *Garcia v. Huerta*, 340 S.W.3d 864, 868 (Tex. App.—San Antonio 2011, pet. denied)). Whether a valid arbitration agreement exists and is enforceable are legal determinations subject to de novo review. *Amateur Ath. Union of the United States, Inc. v. Bray*, 499 S.W.3d 96, 102 (Tex. App.—San Antonio 2016, no pet.) (citations omitted). "Once a valid arbitration agreement is established, a 'strong presumption favoring arbitration arises' and we resolve doubts as to the agreement's scope in favor of arbitration." *Rachal v. Reitz*, 403 S.W.3d 840, 850 (Tex. 2013) (quoting *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011)).

## ANALYSIS

### *Motion to Compel Arbitration*

The parties agree the arbitration clause at issue is governed by the Federal Arbitration Act ("FAA"). Under the FAA, a party seeking to compel arbitration must establish the existence of a valid arbitration agreement and show the disputed claims fall within the scope of that agreement. *Wagner v. Apache Corp.*, 627 S.W.3d 277, 282–83 (Tex. 2021) (citation omitted). Once a party has established a valid arbitration agreement exists, there is a presumption favoring agreements to arbitrate under the FAA and issues regarding the agreement's scope are resolved in favor of arbitration. *Id*. Upon the showing of the existence of a valid agreement to arbitrate and issues within the scope of the agreement, the trial court has no discretion in referring the matter to arbitration unless the validity of the agreement is challenged on legal or public policy grounds. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 121 (Tex. 2018). The FAA requires courts

4

to stay litigation of issues that are subject to arbitration during the pendency of the arbitration. *Cardinal Senior Care, LLC v. Bradwell*, No. 04-21-00557-CV, 2022 Tex. App. LEXIS 9073, at *15 (Tex. App.—San Antonio Dec. 14, 2022, no pet.) (mem. op.) (citing *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 195 (Tex. 2007) (orig. proceeding)).

In this case, the arbitration clause at issue in the Windcrest II operating agreement reads as follows:

> 18.22 Arbitration. Except as otherwise provided in this Agreement, **any controversy or dispute arising out of this Agreement, the interpretation of any of the provisions hereof, or the action or inaction of any Member hereunder shall be submitted to arbitration** in San Diego, California pursuant to the commercial arbitration rules of AAA, JAMS, or ADR Services, Inc. (collectively "Approved Service"), or other recognized arbitration service selected by the party instituting such action provided if any other party objects to the selection of a service other than an Approved Service, the arbitration shall be moved to an Approved Service selected by the party objecting. Any award or decision obtained from any such arbitration proceeding shall be final and binding on the parties, and judgment upon any award thus obtained may be entered in any court having jurisdiction thereof. **No action at law or in equity based upon any claim arising out of or related to this Agreement shall be instituted in any court by any Member except: (i) an action to compel mediation and/or arbitration pursuant to this Section; (ii) an action for injunctive relief, or (ii)[sic] an action to enforce an award obtained in an arbitration proceeding in accordance with this Section.**

(Emphasis added). Neither party contests the validity or enforceability of the arbitration clause. Neither party disputes whether Aulukista's lawsuit arises from the Windcrest II operating agreement and is subject to the above arbitration provision. Where they disagree is in their interpretation of the last sentence of the arbitration clause, which Aulukista has termed a "carve-out." Aulukista's primary argument is "an action for injunctive relief" is not an arbitrable claim under the last sentence of the arbitration

5

provision, and its lawsuit for "purely injunctive relief" is not subject to mandatory arbitration.

We interpret the language of the arbitration provision under contract principles, and our primary concern is to determine the intent of the parties as expressed by the plain language of the contract. *Wagner*, 627 S.W.3d at 285. The first part of the "carve-out" sentence expresses an unambiguous prohibition upon the parties to file any lawsuit related to the operating agreement in court, and then lists exceptions to that prohibition, including "an action for injunctive relief." Although Aulukista has characterized the exception language in the arbitration clause as a "carve-out," the plain language does not exclude "an action for injunctive relief" from the arbitrator's jurisdiction. Rather, it merely makes the filing of suit based upon injunctive relief permissive. In other words, Aulukista's filing of suit for injunctive relief in court did not constitute a breach of contract, but Aulukista's claims in the lawsuit, although initially filed in court, do not escape the presumption in favor of arbitration under the FAA. Read in the context of the whole paragraph, the "exceptions" to the requirement to arbitrate are merely actions ancillary to arbitration, not methods by which to create new lawsuits outside the scope of the agreement to arbitrate in lieu of trial.

Because Aulukista's claims for injunctive relief are within the scope of the parties' arbitration agreement, the trial court erred in denying Global's motion to compel arbitration. In addition, because this matter should have been referred to arbitration, the trial court also erred by not staying the underlying action pending the outcome of arbitration. *Bradwell*, 2022 Tex. App. LEXIS 9073, at *15.

6

***Temporary Injunction***

Because this Court has concluded Aulukista's claims for injunctive relief fall within the scope of the parties' agreement to arbitrate, the trial court erred in issuing a temporary injunction. The issuance of a preliminary injunction is not appropriate when the underlying claims are subject to arbitration under the FAA. *Metra United Escalante, L.P. v. Lynd Co.*, 158 S.W.3d 535, 540 (Tex. App.—San Antonio 2004, no pet.). The only exception is if there is express language in the agreement demonstrating the parties contemplated court intervention to maintain the status quo. *Id.*; *see also RGI, Inc. v. Tucker & Assocs., Inc.*, 858 F.2d 227, 230 (5th Cir. 1988); *but cf. Janvey v. Alguire*, 647 F.3d 585, 593–94 (5th Cir. 2011) (district court did not err in issuing preliminary injunction to preserve status quo while it determined issues of arbitrability). Here, there is no express language in the arbitration provision demonstrating the parties' intended a court to intervene and preserve the status quo. *Supra*.

The application for temporary injunction by Aulukista required the trial court to make determinations regarding the underlying case and its probable right to relief that go to the merits of the dispute, and therefore was exclusively in the province of the arbitrator under the FAA. The arbitrator has jurisdiction to hear Global's complaints regarding the propriety of the temporary injunction, and the trial court has no discretion in referring this matter to arbitration. *See generally Americo Life, Inc. v. Myer*, 440 S.W.3d 18, 21 (Tex. 2014) ("Arbitrators derive their power from the parties' agreement to submit to arbitration.").

7

**CONCLUSION**

Because the arbitrability of Aulukista's suit seeking injunction is within the scope of the parties' agreement to arbitrate, the trial court abused its discretion in denying Global's motion to compel arbitration. Further, the trial court, in light of the arbitrability of Aulukista's claims, improperly granted a temporary injunction. Accordingly, we reverse the judgment of the trial court with regard to Global's application to compel arbitration; render judgment staying the underlying litigation, and refer this matter to arbitration in accordance with paragraph 18.22 of the Global Windcrest II, LLC operating agreement. We vacate the temporary injunction issued by the trial court, and remand this matter for further proceedings consistent with this opinion.

Alex Yarbrough
Justice

Quinn, C.J., concurs in the result.